UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER FINK-CARVER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>POLICE OFFICER KUHN, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-00664-JSW<br><br>**ORDER GRANTING MOTION TO BIFURCATE TRIAL AND DISCOVERY**<br><br>Re: Dkt. No. 25 |

Now before the Court for consideration is the motion to bifurcate trial and discovery of individual liability claims from the *Monell* and supervisory liability claims filed by Defendants City of Pleasant Hill Police Officer Andrew Kuhn ("Officer Kuhn") and City of Pleasant Hill ("Pleasant Hill") (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for October 28, 2022. For the following reasons, the Court GRANTS Defendants' motion.

**BACKGROUND**

This matter arises out of alleged violations of the constitutional rights of Plaintiff Jennifer Fink-Carver ("Fink-Carver") and Plaintiff Jason Fink ("Fink") (collectively, "Plaintiffs"). Plaintiffs allege that a police canine released by Officer Kuhn bit them during an investigation related to a domestic violence incident. Plaintiffs allege the following causes of action: (1) violation of Fink-Carver's right to be free from unreasonable force, unlawful seizure, and unlawful arrest; (2) violation of Fink's right to be free from unreasonable force, unlawful seizure and unlawful arrest; and (3) violations by Pleasant Hill under *Monell* and supervisory liability based on allegedly unconstitutional policies and practices ("*Monell* claims"). Plaintiffs also bring state

law causes of action for negligence, assault, battery, and violations of the Bane Act, Cal. Civ. Code § 52.1.

Plaintiffs filed the complaint in this action on January 27, 2021. (Dkt. No. 1.) Defendants answered the complaint on March 3, 2021. (Dkt. No. 7.) On June 14, 2021, the Court issued a scheduling order. (Dkt. No. 12.) On September 29, 2021, the Court granted Plaintiffs' requests to substitute new counsel. (Dkt. Nos. 17-18.) The Court has granted the parties' requests to modify the scheduling order on three occasions to permit the parties sufficient time for discovery and mediation. (*See* Dkt. Nos. 20, 22, 24.) Fact discovery is set to close on November 7, 2022, and expert discovery is set to close on January 11, 2023. (Dkt. No. 24.) On September 16, 2022, Defendants filed the present motion to bifurcate the trial and discovery of individual liability claims from the *Monell* claims. (Dkt. No. 25.) Plaintiffs oppose bifurcation.[1] (Dkt. No. 26.)

## ANALYSIS

### A. Applicable Legal Standard.

Federal Rule of Civil Procedure 42(b) provides, in pertinent part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The determination of whether to bifurcate a trial is a matter within the Court's discretion. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "Factors to be considered when determining whether to bifurcate a trial include: avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (citation omitted).

### B. The Court Grants the Motion to Bifurcate.

Defendants ask the Court to bifurcate the trial and discovery of individual liability claims from the *Monell* claims. Defendants assert that a separate trial to first determine individual liability on the issue of excessive force and unlawful arrest would promote efficiency and

---

[1] The Court received Defendants' notice of withdrawal of the citation to *Gilliam v. Cty. of L.A.*, No. 92-56006, 1994 U.S. App. LEXIS 28332 (9th Cir. Oct. 6, 1994) and did not consider that decision in ruling on the motion to bifurcate. (*See* Dkt. No. 28.)

2

economy because it could moot the need for a second trial to determine *Monell* liability.

In its discretion under Rule 42(b), the Court finds bifurcation of the individual claims and the *Monell* claims appropriate. Bifurcation in this case will promote efficiency and economy because a finding that Officer Kuhn did not deprive Plaintiffs of their constitutional rights is dispositive of the claims against Pleasant Hill. This is because "neither *Monell*…nor any other of [the Supreme Court's] cases authorize the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 742 (9th Cir. 2020) ("Because there can be no *Monell* claim based on excessive force without an underlying constitution violation by the officers, the peace officer's conduct in violation of the Constitution here becomes the "necessary logical condition" to formulate a *Monell* claim."); *Fairley v. Luman*, 218 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the individual officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force.") For this reason, when *Monell* claims are asserted together with claims against individual defendants, courts often bifurcate them in the interest of efficiency and economy. *See, e.g.*, *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) (approving bifurcation of trial of individual police officers from the Chief and city); *Banks v. Mortimer*, No. 18-CV-07391-HSG, 2021 WL 1599266, at *2 (N.D. Cal. Apr. 23, 2021) (bifurcating the trial and discovery where *Monell* claims were "asserted in conjunction with claims against individual defendants"); *Boyd v. City & Cnty. of San Francisco*, No. C-04-5459 MMC, 2006 WL 680556, at *3 (N.D. Cal. Mar. 14, 2006) (same); *Nguyen v. Cty. of San Bernardino*, 20-cv-00880, 2020 WL 11571724, at *1 (C.D. Cal. Sept. 11, 2020).

Plaintiffs nevertheless argue they can pursue their *Monell* claim even in the absence of a constitutional violation, citing *Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994). In *Chew*, the Ninth Circuit stated that "[s]upervisorial liability may be imposed under section 1983 notwithstanding the exoneration of the officer whose actions are the immediate or precipitating cause of the constitutional injury." *Id*. at 1438. The Ninth Circuit relied on its earlier decision in *Hopkins v. Andaya*, 958 F.2d 881 (9th Cir. 1992) in reaching this decision. Subsequent case law has clarified

3

that *Chew* and *Hopkins* create municipal liability only when a plaintiff proves a constitutional violation, but an officer is exonerated due to qualified immunity. *See Quintanilla*, 84 F.3d at 356 (distinguishing *Hopkins* and *Chew* on this basis); *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir.1994) ("unlike the situation in *Hopkins*[ ], there was no violation of the decedent's constitutional rights, and thus no basis for finding the officers inadequately trained"); *see also Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) ("[A] municipality may be liable if an individual officer is exonerated on the basis of the defense of qualified immunity, because even if an officer is entitled to immunity a constitutional violation might still have occurred.") (citation omitted). Thus, *Chew* does not support Plaintiffs' position.

Plaintiffs also assert that bifurcation in this case would be an abuse of discretion relying on *De Anda v. City of Long Beach*, 7 F.3d 1418 (9th Cir. 1993). In *De Anda*, the plaintiff sued two police officers and the police chief, alleging that they conspired with one another to violate his civil rights when he was shot and arrested. *Id*. at 1420. The plaintiff also asserted *Monell* claims against the city. The district court bifurcated the plaintiff's conspiracy claim against the two officers from the conspiracy claim against the police chief and tried the police chief's conspiracy claim together with the municipal claims. *Id*. at 1421. The Ninth Circuit reversed because the plaintiff had alleged that all the defendants were individually liable for the same constitutional injury, so there was no reason to try the issue of the police chief's liability in a separate phase. *Id*.

*De Anda* is distinguishable. Plaintiffs argue that, as in *De Anda*, the theory of constitutional violations here is the same against Officer Kuhn and Pleasant Hill, but the allegations of the complaint do not support this argument. Plaintiffs allege a *Monell* claim against Pleasant Hill based on allegedly unconstitutional policies and practices. This is conceptually distinct from Plaintiffs' theory of constitutional violation against Officer Kuhn, which is based on excessive force, and it is unlike *De Anda* where the police officers and the police chief were alleged to be individually liable for the same constitutional injury based on the conspiracy claim.

Plaintiffs argue bifurcation would not serve judicial economy because it would result in two separate trials with duplicate evidence, which would waste the Court's resources and time. Plaintiffs' arguments are unpersuasive. As Defendants note, the law governing excessive force

claims differs from the law governing municipal liability claims. Although there may be some overlap in the evidence presented, much of the evidence relevant to the *Monell* claim would not necessarily be relevant to the individual excessive force claim. Moreover, because there can be no *Monell* claim without a constitutional violation, if the individual defendant prevails, the time and expense involved in litigating the *Monell* claims will be saved. Thus, the Court finds that the interests of efficiency and economy favor bifurcation.

Defendants have also shown that bifurcation will avoid prejudice to Officer Kuhn because admitting evidence related to the *Monell* claim could confuse the jury. For example, potential evidence of other dog-biting incidents that may be admissible against Pleasant Hill to prove *Monell* liability might influence the jury's consideration of the individual excessive force claim against Officer Kuhn. The Court agrees that bifurcation of the individual and *Monell* claims will prevent prejudice to the individual defendants.

The same reasons that warrant bifurcation favor a stay of discovery under Federal Rule of Procedure 26(c) with regard to the *Monell* claims. Plaintiffs have already served discovery asking for information about incidents that are unrelated to Officer Kuhn and the event alleged in the complaint. Although "plaintiffs may require discovery with respect to, *inter alia*, incidents involving non-party officers" for their *Monell* claims, "such discovery has no apparent relevance to the claims against the individual officer defendant[]." *Boyd*, 2006 WL 680556, at *3. Thus, unless and until the individual officer has been found liable or entitled to qualified immunity, a stay of discovery related solely to the *Monell* claims will promote efficiency and conserve resources. This does not preclude Plaintiffs from pursuing discovery if they can show it is directly relevant to the individual claims.

//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion and bifurcates the trial of the individual liability claims from the *Monell* claims against Pleasant Hill. The Court STAYS discovery on issues pertaining exclusively to the *Monell* claims until discovery and adjudication is complete as to the individual liability claims.

**IT IS SO ORDERED.**

Dated: October 14, 2022

_____
JEFFREY S. WHITE
United States District Judge