UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER FINK-CARVER and JASON FINK,<br><br>              Plaintiffs,<br><br>    v.<br><br>CITY OF PLEASANT HILL POLICE OFFICER KUHN, CITY OF PLEASANT HILL, and DOES 1 through 20,<br><br>              Defendants. | Case No. 21-cv-00664-JSW (LJC)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 36 |

The parties filed a joint discovery letter, and on April 3, 2023, the dispute was referred to the undersigned for resolution. Jnt. Disc. Ltr., ECF No. 36. Pursuant to Civil Local Rule 7-1(b), the Court determines that this dispute is suitable for resolution without oral argument. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, the Court DENIES and GRANTS IN PART Plaintiffs' request to compel Defendants to respond to their Requests for Production (RFPs) Nos. 25-30, 37-39, 52, 65, and DENIES Plaintiffs' request to compel as to RFP Nos. 34-36 and 56-58, and GRANTS Plaintiffs' requests to compel as to RFP Nos. 24 and 46.

I. **BACKGROUND**

Plaintiff Jennifer Fink-Carver (Fink-Carver) and Plaintiff Jason Fink (Fink) (collectively, Plaintiffs) allege that Defendant City of Pleasant Hill and Defendant City of Pleasant Hill Police Department (PHPD) Officer Kuhn violated their constitutional rights. Specifically, Plaintiffs allege that Officer Kuhn and other officers were called to Fink-Carver's house, and, without cause or justification, entered her home. Compl. ¶¶ 3–4, EFC No. 1. Upon entry, Plaintiffs allege that

1    officers slammed Fink-Carver to the couch and Officer Kuhn deployed a police canine that bit her

2    leg. Id. ¶ 4. Plaintiffs allege Fink arrived outside the house and, without cause or justification,

3    officers took Fink to the ground, officers remained on top of him, and Officer Kuhn deployed a

4    police canine that bit Fink's low back, hip, and leg. Id. ¶ 6.

5          Plaintiffs assert twelve claims, individually asserting causes of action against

6    (1) Defendant Officer Kuhn under the Fourth Amendment and 42 U.S.C. § 1983 for unreasonable

7    force, unlawful seizure, and unlawful arrest, (2) the City of Pleasant Hill and Does 1 through 20

8    for supervisory liability under Monell, 42 U.S.C. § 1983, (3) all Defendants for negligence, (4) all

9    Defendants for assault, (5) all Defendants for battery, and (6) all Defendants for violating the Bane

10   Act. Id. ¶¶ 33–106. Plaintiffs seek damages, including punitive damages. Id. at 16.

## II.  PROCEDURAL HISTORY

12         On September 16, 2022, Defendants moved to bifurcate the discovery and trial of the

13   individual liability claims from the Monell and supervisory liability claims. Defs.' Mot. to

14   Bifurcate Trial and Disc., ECF No. 25. On October 14, 2022, the Court granted Defendants'

15   motion. Order Grant. Mot. to Bifurcate Trial and Disc., ECF No. 29. The Court found, among

16   other things, bifurcation would result in efficiencies because the Monell claims cannot survive if a

17   jury finds Officer Kuhn did not deprive either Plaintiffs of their constitutional rights. Id. at 3.

18   "This is because 'neither Monell . . . nor any other of [the Supreme Court's] cases authorize the

19   award of damages against a municipal corporation based on the actions of one of its officers when

20   in fact the jury has concluded that the officer inflicted no constitutional harm.'" Id. (citing City of

21   Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). Accordingly, the Court granted Defendants'

22   motion and bifurcated the trial of the individual liability claims from the Monell claims against

23   Pleasant Hill. In the same order, the Court stayed discovery on issued pertaining exclusively to

24   the Monell claims until discovery and adjudication is complete as to the individual claims.

## III.  DISCUSSION

26         In their joint discovery letter, the parties dispute whether Defendants must respond to

27   nineteen of Plaintiffs' RFPs, both citing, in part, the Court's bifurcation and stay order. Under the

28   Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Based on the Court's bifurcation and stay order, Plaintiffs are permitted to seek discovery related to Defendant Kuhn's alleged unreasonable force, unlawful seizure, and unlawful arrest of Plaintiffs, Defendant Kuhn's alleged negligence with respect to Plaintiffs, Defendant Kuhn's alleged assault and battery of Plaintiffs, and Defendant Kuhn's alleged violation of the Bane Act. The Court addresses RFP Nos. 24-30, 34-39, 46, 52, 56, 57, 58, and 65 below.

**A.   Certain Discovery Requests Largely Violate the Bifurcation and Discovery Stay Order, Lack Relevance, and Are Disproportionate, and Defendants' Responses for Other Discovery Requests Do Not Appear Deficient**

**1.   RFP Nos. 25-30, 37-39, 52**

The following RFPs solely pertain to a municipal liability under Monell for the violations alleged in the Complaint, and thus are contrary to the bifurcation and discovery stay order: RFP Nos. 25-30, 34, 38, 39, and 52.

Starting with RFP No. 25, Plaintiffs request:

> Each and every 'Use of Force' report, 'Deployment,' 'Canine,' 'Bite,' 'Contact' report, or other WRITING of similar name relating to the use of a police dog by any PHPD dog handler, dating from five years before the incident to the date of compliance with this request. This includes, but is not limited to, reports that document instances where the dog was used to assist in a person's apprehension but where the dog did not bite anybody.

RFP No. 25, ECF No. 40-1.  RFP No. 26 makes a nearly identical request for reports or similar writings "concerning each person bitten by a PHPD police dog" from the same period.  RFP No. 30 make a similar request for "any evaluation, review, criticism, or report" of the use of a police dog by PHPD where an injury resulted.  Such reports, writings, evaluations, and the like, that do not address a specific instance in which Officer Kuhn used a police dog have no bearing on the individual claims against him.  Instead, these requests concern PHPD's potential municipal liability based on its policies and practices, and these document requests have been stayed by the Court.  Accordingly, Plaintiffs' request to compel Defendants to respond to RFP Nos. 25, 26, and 30, are DENIED AND GRANTED IN PART to the extent any responsive record relates to Officer Kuhn's use of a police dog.

Similarly, RFP No. 27 seeks "[a]ll department statistical reports on the use of police dogs by PHPD police officers, including but not limited to the dog handler(s) involved in the INCIDENT" for the same period indicated in RFP Nos. 25, 26, and 30. For the same reasons explained above, such statistical reports are barred by the discovery stay order. Plaintiffs' request to compel Defendants to response to RFP No. 27 is DENIED AND GRANTED IN PART as to the portions of any statistical report that provides data points specific to Officer Kuhn's conduct.

RFP No. 52 seeks "[a]ny and all databases containing electronic data collected or derived from PHPD canine reports, including deployment, contact or similar reports of any other name." This request is impermissible at this time due to the discovery stay order. Plaintiffs' request to compel Defendants to respond to RFP No. 52 is DENIED AND GRANTED IN PART in that Defendants shall produce any database information about Defendant Kuhn and the incident alleged in the Complaint.

Plaintiffs make several media discovery requests from Defendants. RFP No. 28 seeks any and all video recordings depicting a PHPD police dog biting a person. RFP No. 29 broadly seeks video recordings depicting a police dog, from any law enforcement agency, biting a person. RFP No. 38 seeks "[a]ny and all video and/or audio recordings depicting or reflecting the use of a PHPD police dog to assist in the apprehension of a person suspected of crime(s)." RFP No. 39 broadly seeks video and audio recordings of the use of a PHPD police dog for any purpose, with no limitations. And RFP No. 37 seeks all photographs and other depictions of injuries sustained as a result of a PHPD police dog biting a person.

These media requests are overbroad and violate the discovery stay order to the extent that they request recordings, photographs or depictions that do not depict or directly relate to Officer Kuhn's conduct or handling of a police dog, or injuries related to the incident at issue in this case. Nor are these requests tailored to photographs, video, or audio recordings that were contained in any training that Officer Kuhn underwent regarding the police dog handling, related risks and injuries, and applicable laws and policies. Plaintiffs' request to compel Defendants' response to RFP Nos. 28, 29, and 37-39 are DENIED AND GRANTED IN PART to the extent that Defendants shall produce photographs, video, and audio recordings that depict Officer Kuhn's

4

handling of a police dog, injuries related to the incident at issue in this case, and such photographs, video, or audio recordings that were included in any training or orientation that Officer Kuhn received.

### 2. RFP Nos. 34–36

Requests Nos. 34, 35 and 36, seek PHPD reports on arrests and detentions of any person under various provisions of the California Penal Code from five years before the incident that gave rise to this case until the date of compliance with the discovery requests. The Penal Code provisions are the same, or similar, to the provisions that were purportedly the basis for Plaintiffs' arrests.

These three requests seek information concerning the conduct of individuals other than Officer Kuhn and Plaintiffs, and thus, appear to conflict with the Court's discovery stay. Plaintiffs, however, attempt to tie these RFPs to the specific incident that is the basis for their complaint. Plaintiffs assert that the requested records are relevant to show a "cover up" of Officer Kuhn's allegedly malicious use of force against them. But reports regarding the arrest and detention of individuals other than Plaintiffs and arising from incidents other than that challenged in this lawsuit are not relevant to Plaintiffs' claims against Officer Kuhn. The reports are not likely to provide evidence that Plaintiffs' arrests were pretextual because the reports do not involve the incident at hand, and the reports are not reasonably calculated to reveal coverup activity. RFP Nos. 34, 35, and 36 sweep far beyond Officer Kuhn's own conduct, and thus, are unduly burdensome, and disproportionate to the needs of this case. Plaintiffs' request to compel Defendants to respond to RFP Nos. 34-36 are DENIED.

### 3. RFP Nos. 56–58

Through RFP Nos. 56, 57, and 58, Plaintiffs seek police dog training records and writings showing the identities and qualifications of the persons who trained the dog handlers involved in the incident. In the parties' joint discovery letter, Plaintiffs urge that Defendants must produce non-confidential records that are responsive to these requests. Jnt. Disc. Ltr. at 2. Defendants have responded that they have complied with this request by producing over sixty pages of responsive records—"canine training records of Ofc. Kuhn . . . (PHPD 472-538)"—and

identifying the name of the PHPD canine trainer and informing Plaintiffs of the availability of the trainer's curriculum vitae online. Jnt. Disc. Ltr. at 5. Plaintiffs have not explained the deficiency in Defendants' response. The parties do not appear to dispute the relevance of such information or that it is proportionate to the needs of the case. Plaintiffs' request to compel a further response is DENIED because in the parties' joint discovery letter, there is no explanation of Defendants' purported failure to produce responsive records.

### B. Permissible Discovery Requests

Requests for Production Nos. 24 and 46 are not barred by the Court's bifurcation and stay of discovery. RFP No. 24 seeks:

> Each and every 'Use of Force' report, 'Deployment,' 'Canine,' 'Bite,' 'Contact' report, or other WRITING of similar name relating to the use of a police dog by the dog handler(s) involved in the INCIDENT, dating from five years before the incident to the date of compliance with this request. This includes, but is not limited to, reports that document instances where the dog was used to assist in a person's apprehension but where the dog did not bite anybody.

And RFP No. 46 seeks:

> All WRITINGS of DEFENDANTS or any of their departments, agents, or employees, including but not limited to its LAW ENFORCEMENT AGENCY reflecting or referring to any use of force by the dog handler(s) involved in the INCIDENT, against any person from five years before the date of the INCIDENT until the date of compliance with this request to produce.

These two RFPs seek information specific to Officer Kuhn and are designed to collect information that may support Plaintiffs' claims for punitive damages. Jnt. Disc. Ltr. at 1. "It is well-established that a jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (internal quotation marks and alteration omitted).

Defendants assert that they have no records to supply for RFP No. 24 because the bites directed by Officer Kuhn were the first bites of his career as a canine handler, and he had no prior deployments with canine "Bodie" resulting in bite apprehension. Jnt. Disc. Ltr. at 3. But RFP No. 24 is broader than Defendants' interpretation. The RFP seeks deployment, contact and canine

reports that involve Officer Kuhn's use of a police dog, regardless of whether a bite was involved, whether Bodie was the dog that Officer Kuhn used, or whether the deployment of Bodie led to an apprehension. Furthermore, RFP No. 24 is not overly broad and does not conflict with the bifurcation and discovery stay order because it is only concerned with Officer Kuhn, not all PHPD dog handlers. Plaintiffs' request to compel Defendants to further respond to RFP Nos. 24 is GRANTED.

RFP No. 46 seeks Defendants' records that reflect or refer to Officer Kuhn's prior use of force. This is request is within the scope of discovery permitted by the bifurcation order because it is focused on Officer Kuhn, who is the subject of Plaintiffs' individual claims that have not been stayed. In police dog bite cases, "the availability of alternative methods of capturing or subduing a suspect may be a factor to consider" in evaluating a claim for excessive force. Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). Under the rules of discovery, Plaintiffs are entitled to discovery of any relevant nonprivileged matter that is proportional to the needs of this case where Plaintiffs have alleged that Officer Kuhn's use of force was excessive. Records of Officer Kuhn's prior use of force would illustrate his awareness and ability to use other forms of force that may have been alternatives available to him at the time of the incident.

Accordingly, Plaintiffs' request to compel Defendants to further respond to RFP Nos. 46 is GRANTED.

Through RFP No. 65, Plaintiffs request:

> Any and all reports or WRITINGS or studies conducted by or authorized by or commissioned by or relied on by any DEFENDANT regarding the risk of injury, including the risk of serious injury, when a police dog is deployed to assist in the detection and/or apprehension of person suspected of crime.

Defendants, however, object, asserting that the request is barred by the bifurcation and discovery stay order. Defendants also contend that the request is overbroad and disproportionate to the needs of the case. The request seeks records that may bear on Plaintiffs' Monell claim, but the request also relates directly to Officer Kuhn. The request seeks any and all writings regarding the risk of injury due to police dogs that *any* Defendant, including Officer Kuhn, relied upon. Accordingly, this request encompasses information that Officer Kuhn had received through his

training and other avenues, prior to the incident involving Plaintiffs. Within these bounds, the information sought by RFP No. 65 is relevant to the individual claims against Officer Kuhn, including the demand for punitive damages, and the request does not violate the discovery stay. Plaintiffs' request to compel Defendants to respond to RFP No. 65 is GRANTED IN PART to the extent that Defendants shall produce responsive records that relate directly to Officer Kuhn, such as those that were included in any training or other materials he received.

## IV. CONCLUSION

In summary, the Court orders the following:

Plaintiffs' request to compel Defendants' response to RFP Nos. 25-30, 37–39, 52, 65 is DENIED AND GRANTED IN PART.

Plaintiffs' request to compel Defendants' response to RFP Nos. 34–36 and 56-58 is DENIED.

Plaintiffs' requests to compel Defendants' response to RFP Nos. 24 and 46 is GRANTED

Defendants shall produce further discovery in accordance with this order within one week from the date of this order.

**IT IS SO ORDERED.**

Dated: May 4, 2023

LISA J. CISNEROS
United States Magistrate Judge