NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF PLEASANT HILL and OFFICER KUHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER FINK-CARVER and JASON FINK,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PLEASANT HILL POLICE OFFICER KUHN, CITY OF PLEASANT HILL, and, DOES 1-20,<br><br>Defendants. | Case No. C21-00664 JSW<br><br>**STIPULATION AND [PROPOSED] ORDER TO VACATE UNLAWFUL ENTRY RULING IN LIGHT OF TENTATIVE SETTLEMENT**<br><br>Re: Dkt. No. 69 |

The parties, by and through their respective attorneys of record, hereby stipulate and jointly request and move for an order from the Court to vacate only a *portion* of the Court's prior Order Resolving Cross-Motions for Summary Judgment ("Order," ECF No. 62), per the good cause reasons stated in detail below and in light of the negotiated, tentative settlement by the parties to end this litigation and the Ninth Circuit appeal by Defendants.

WHEREAS, on February 22, 2024, Your Honor issued an Order Resolving Cross-Motions for Summary Judgment. In this Order, the Court found, in granting certain aspects of Plaintiffs' motion for partial summary judgment, that the entry by officers, into the residence of Plaintiff Jennifer Fink-Carver on the evening of May 9, 2020, was an unlawful entry, in violation of the

1  Fourth Amendment. ECF Doc. 62, pgs. 20:18-26:6. In its ruling, the Court also denied qualified

2  immunity for Ofc. Kuhn as to the entry issue (he was the only individually named Defendant). *Id*.

3        WHEREAS, Defendants filed an interlocutory appeal to the Ninth Circuit concerning issues

4  raised in the Order, including the denial of qualified immunity as to the entry, as well as in relation

5  to the denial of qualified immunity as to the force (canine contact) used on Plaintiff Fink-Carver.

6  *See City of Pleasant Hill et al. v. Fink-Carver et al.*, Ninth Circuit Case No. 24-1718.

7        WHEREAS, during the pendency of that Ninth Circuit appeal and prior to briefing the

8  appeal, the parties participated in a private mediation session with Mr. Simmons, Esq., and

9  thereafter, the parties entered into a tentative settlement. The settlement to end this litigation is

10  conditioned by the Defendants on Your Honor setting aside the unlawful entry ruling in the Order,

11  namely ECF No. 62, at pgs. 20:18-26:6; 29:12-13; 29:21-22 (portions related to unlawful entry

12  only).

13        WHEREAS, attached hereto as **Ex. A** is the fully signed Settlement Agreement and Release,

14  which includes vacatur of the unlawful entry aspect of the Order as a material term for the tentative

15  settlement.

16        WHEREAS, while Defendant Kuhn's Ninth Circuit appeal was pending, which raised

17  various issues and which the parties agree posed an unpredictable outcome for both sides, the

18  parties negotiated and entered into a bargained for exchange for a tentative settlement at mediation,

19  subject to several conditions, the last of which relates to Your Honor setting aside (vacatur of) the

20  ruling that there was an unlawful entry.

21        WHEREAS, the Defendants have now dismissed the Ninth Circuit appeal, without

22  prejudice (mandate issued August 12th via Ninth Circuit order dismissing appeal, without prejudce,

23  per Docket Entry 18.1, e-filed 8-12-24), so that Your Honor once again has jurisdiction in this

24  matter. The parties herein jointly request, as required by the settlement referenced above, that Your

25  Honor set aside the unlawful entry ruling and vacate those portions of the Order, namely ECF Doc.

26  62, pgs. 20:18-26:6; 29:12-13; 29:21-22 (portions related to unlawful entry only).

27        WHEREAS, the District Court has the authority to vacate this portion of the Order. Under

28  Federal Rule of Civil Procedure 54(b), a district court may modify "any order or other decision ...

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Orders granting summary judgment are interlocutory in nature and do not fully adjudicate the rights and claims of the parties. Therefore, they can be vacated at any time prior to final judgment. *See, e.g., U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006); *Persistence Software, Inc. v. The Object People, Inc.,* 200 F.R.D. 626, 627 (N.D. Cal. 2001); Fed. R. Civ. P. 54(b). The standard for vacatur under Rule 54(b) is less rigid than the standard applicable under Rule 60. *Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001). Under Rule 54(b), the court has wide latitude to revise prior orders and an order may be revised at any time before the entry of a judgment. *Jaynes Corp. v. Am. Safety Indem. Co.*, No. 210CV00764MMDGWF, 2014 WL 11115424, at *2 (D. Nev. Dec. 2, 2014). Moreover, district courts have "'complete power' over non-final orders and may vacate or revise them 'at any time,' if doing so would be 'consonant with equity.'" *Midmountain Contractors, Inc. v. Am. Safety Idem. Co.*, No. C10-1239JLR, 2013 WL 5492952, at *4 (W.D. Wash. Oct. 1, 2013) (quoting *Gypsum*, 2006 WL 1825705, at *1). Additionally, in considering vacatur of a ruling, a district court should evaluate whether all parties involved in the ruling request and agree to vacatur as a condition of a proposed settlement of the action, whether a former party to the action would be adversely affected by vacatur, and whether the costs of continuing the action with uncertain results are outweighed by the benefits of the proposed settlement of the action. *De La O v. Arnold-Williams*, No. CV-04-0192-EFS, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008). Courts have applied these and other similar principles in deciding to vacate summary judgement orders to facilitate settlement in numerous cases. *See, e.g., Atain Specialty Ins. Co. v. Reno Cab Co.*, 2019 U.S. Dist. LEXIS 14449 *5-8 (D. Nevada 2019) (vacating summary judgement to facilitate settlement as no considerations of equity weighed against doing so); *Quest Integrity USA, LLC v. A.Hak Indus. Servs. US, LLC*, No. 2:14-CV-01971-RAJ, 2019 WL 1572691, at *2 (W.D. Wash. Apr. 11, 2019) ("In this case, the Court finds that the strong public interest in the settlement of this litigation and the conservation of judicial resources

outweigh the benefit of the limited collateral estoppel effect of the orders entered to date in this case."); *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, No. 2:14-CV-2229-HRH, 2019 WL 3944551, at *1 (D. Ariz. Aug. 21, 2019) ("On May 4, 2017, the parties formally notified the court that they had reached a settlement. As part of their settlement, the parties requested that the court vacate and seal its orders on the cross-motions for partial summary judgment..."); *Jacobo v. Ross Stores, Inc.*, No.CV154701MWFAGRX, 2018 WL 11465299, at *1 (C.D. Cal. Dec. 7, 2018) ("On May 26, 2017, Ross moved for summary judgment, which the Court granted but later vacated pursuant to the parties' stipulation and joint motion to vacate the Order granting summary judgment in light of the parties' proposed settlement."); *Bassett v. Credit Mgmt. Servs., Inc.*, No. 8:17-CV-69, 2019 WL 6767053, at 1 (D. Neb. July 29, 2019) (For the purpose of facilitating the settlement reached in this lawsuit the partial summary judgment entered was vacated.)*.*

Further, the Ninth Circuit has held that district courts have "greater equitable discretion when reviewing [their] own judgments than do appellate courts operating at a distance." *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). Additionally, the Ninth Circuit is firmly committed to the principle that the law favors and encourages compromise settlements. *Ahern v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir 1988). There is an overriding public interest in settling and quieting litigation. *Id*. It is well-recognized that settlement agreements are judicially favored as a matter of sound public policy, plus they also conserve judicial time and limit expensive litigation. *Id*.

WHEREFORE, the parties, as required by the settlement agreement, respectfully and jointly move and request that the District Court vacate portions of its Order, namely ECF No. 62, pgs. 20:18-26:6; 29:12-13; 29:21-22 (portions related to unlawful entry only). Good cause has been demonstrated for vacatur of these portions of the Court's Order to satisfy the condition precedent to settlement and based on the the policy justification for such vacatur in these types of situations – to promote settlments that quiet litigation. If vacatur is granted, this litigation will be dismissed with prejudice, following the receipt of the settlement proceeds by counsel for Plaintiffs.

The parties attest that concurrence in the filing of these documents has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 14, 2024  LAW OFFICE OF SANJAY S. SCHMIDT
DONALD W. COOK, ATTORNEY AT LAW


By: /s/ Sanjay S. Schmidt
    Sanjay S. Schmidt
    Attorneys for Plaintiffs JENNIFER FINK-CARVER and JASON FINK

Dated: August 14, 2024  MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By:   /s/ Blechman, Noah G,
    Noah G. Blechman
    Attorneys for Defendants
    CITY OF PLEASANT HILL and OFFICER KUHN

(<s>PROPOSED</s> ORDER ON NEXT PAGE)

**[PROPOSED] ORDER**

PURSUANT TO THE FOREGOING STIPULATION AND REQUEST, IT IS ORDERED AS FOLLOWS:

The parties' stipulated request, pursuant to the condition of the tentative settlement agreement that would terminate this case, that the District Court vacate portions of the Court's prior Order Resolving Cross-Motions for Summary Judgment ("Order," ECF Doc. 62), is hereby granted based on the good cause demonstrated by the parties and their tentative settlement of this matter, a material term of which is the vacatur of the unlawful entry component of the Court's Order. To advance public policy reasons, including promoting settlement, based on the Court's commitment to the rule that the law favors and encourages compromise settlements, and in order to end this litigation and moot the Ninth Circuit appeal, the Court grants the request. As such, the Court hereby vacates the following portions of the Order related to the unlawful entry, which include ECF No. 62, pgs. 20:18-26:6; 29:12-13; 29:21-22 (portions related to unlawful entry only).

IT IS SO ORDERED.

Dated: August 14, 2024

_____
Hon. Jeffrey S. White
Senior United States District Judge

# EXHIBIT A

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is made by and between JENNIFER FINK-CARVER and JASON FINK ("PLAINTIFFS"), and the CITY OF PLEASANT HILL ("CITY"), a municipal entity, on behalf of the CITY and OFFICER KUHN ("DEFENDANTS"), by and through their respective attorneys of record (collectively the "PARTIES").

**W I T N E S S E T H**

WHEREAS, PLAINTIFFS brought a lawsuit against DEFENDANTS which was filed in the United States District Court, Case Number 4:21-cv-00664-JSW, filed on January 27, 2021, alleging claimed civil rights violations by OFFICER KUHN of the CITY related to the police contact with PLAINTIFFS on May 9, 2020, in the City of Pleasant Hill, California (hereafter "Civil Action."). This Civil Action is currently up on appeal to the Ninth Circuit Court of Appeals per a pending appeal brought by Defendants (Appellants), per Case No. 24-1718.

WHEREAS, DEFENDANTS deny any and all allegations of the Civil Action;

WHEREAS, the PARTIES wish to effect a complete resolution and settlement of all claims, disputes, and controversies arising out of the Civil Action, including the appeal; and

WHEREAS, the PARTIES voluntarily and freely enter this Agreement for that purpose.

NOW, THEREFORE, in consideration of the mutual terms, covenants and conditions set forth below, the PARTIES hereto, intending to be legally bound, do enter into this Agreement and agree to execute this document as a full and complete release, providing the following terms and conditions are complied with, as set forth in this Agreement.

## AGREEMENT

1. **Consideration.** In consideration of the promises contained herein, the CITY, as a complete settlement of this action, through their risk pool, the Municipal Pooling Authority ("MPA"), will make payment to PLAINTIFFS, and to their attorneys of record, from the Law Offices of Sanjay S. Schmidt and Law Offices of Donald W. Cook, in the total amount of $587,500.00 (FIVE HUNDRED AND EIGHTY-SEVEN THOUSAND AND FIVE HUNDRED DOLLARS AND NO CENTS), for this settlement. This settlement is contingent on the following conditions: (1) the CITY's/MPA's approval of this settlement; (2) the granting by Judge White of DEFENDANTS' stipulation and proposed order and/or motion for vacatur of the portion of the Court's Order Resolving Cross- Motions for Summary Judgment (ECF 62, e-filed 2/22/24) ("Order") with regard to the unlawful entry issue. If these conditions are met, in exchange for this settlement, DEFENDANTS stipulate to dismiss the appeal, without prejudice (which will be filed prior to filing related to vacatur), and PLAINTIFFS stipulate to set aside the unlawful entry ruling (for the filing related to vacatur) and then after payment is made, PLAINTIFFS stipulate to a dismissal of this entire action, with prejudice, as to all named and/or appearing parties, a dismissal to be filed by the PARTIES following payment to PLAINTIFFS and their attorneys.

2. **Attorneys' Fees and Costs.** Each of the PARTIES will bear their own attorneys' fees and/or costs as to this settlement.

3. **Dismissal.** PLAINTIFFS will agree to file a Request for Dismissal, With Prejudice, as to the entire Civil Action, in the Northern District, within ten (10) days of PLAINTIFF's attorneys' receipt of the settlement proceeds.

4.  **No Admission of Liability.** The PARTIES acknowledge and agree that this Agreement and compliance with this Agreement shall not constitute or be construed as an admission of liability or fault by DEFENDANTS or any other employees of the CITY. The PARTIES further acknowledge that DEFENDANTS dispute PLAINTIFFS' allegations and that this Agreement is made by the PARTIES to avoid the cost of further litigation and/or appeals.

5.  **No Pending Litigation.** PLAINTIFFS represents that, other than the Civil Action, they do not presently have on file any complaints, grievances, charges or claims against the DEFENDANTS or any other employee(s) of the CITY.

6.  **Release By Plaintiff.** In return and in consideration of the promises contained herein, PLAINTIFFS release, and absolutely and forever discharge the DEFENDANTS, and the CITY's predecessors, successors, assigns, employer, employees and each past or present affiliated or parent entities and each past or present employee agent, representative, officer, and any other person or firm who, previously or hereinafter, is affiliated in any manner with any of the above, from any and all claims, demands, causes of action, obligations, liens, expenses, costs, damages, attorneys' fees and liabilities which PLAINTIFFS ever had, now have, or may hereinafter have, against any of them by reason of any act, cause, matter or event whatsoever to the date of this Agreement, whether known or unknown, arising directly or indirectly out of or in any way connected with, or based upon, or in any way related to, the subject matter of the Civil Action. PLAINTIFFS agree to defend, indemnify, and hold harmless the DEFENDANTS against any and all valid lien claims, including but not limited to lien claims by Medicare, Medi-Cal, Kaiser facilities, any health care providers, hospitals, clinics, emergency first responders, health maintenance organizations, chiropractors, or correctional institutions, or therapists, respecting any services,

payments, benefits, compensation or indemnification of any kind related in any way to injuries allegedly suffered by PLAINTIFFS arising directly or indirectly out of or in any way connected with, or based upon, or in any way related to, the subject matter of the Civil Action. The PARTIES are not aware of any such liens at this point.

7.  **Defense.** This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party, which arises out of, relates to, or has anything to do with, the rights and claims waived, released and discharged by this Agreement.

8.  **No Assignment By The PARTIES.** The PARTIES, and each of them, hereto represents and warrants that they have full power to make the releases and agreements contained herein. The PARTIES represent and warrant that they have not assigned, encumbered, or in any manner transferred all or any portion of the claims covered by the releases and agreements contained herein. The PARTIES, and each of them, hereto acknowledge and agree that this warranty and representation is an essential and material term of this Agreement without which the consideration would not have been delivered. PLAINTIFFS further agree to indemnify, hold harmless, and defend the DEFENDANTS from any and all claims, debts, liens, liabilities, or demands, obligations, attorneys' fees, costs, expenses, action or cause of action which are in any way based on, arising out of, or in connection with any such transfer or assignment, including all actual attorneys' fees and costs in connection therewith.

9.  **Breach Of This Agreement.** The PARTIES agree that, in the event of any breach of this Agreement, the party aggrieved shall be entitled to recover from the breaching party, in addition to any other relief provided by law, such costs and expenses as may be incurred by said

aggrieved party, including court costs, attorneys' fees and other costs and expenses, taxable and otherwise, reasonably necessary in preparing the defense of, defending against or seeking and obtaining an abatement or an injunction against such action or such proceedings, or in establishing or maintaining the applicability or the validity of this Agreement or any provision thereof and in prosecuting any counterclaim or cross-complaint therein.

10. **Binding Effect.** This Agreement shall be binding upon and for the benefit of the PARTIES hereto and their respective heirs, successors, predecessors, devisees, administrators, executors, affiliates, representatives, assigns, and their respective agents and employees, partners, members and representatives, wherever the context requires or admits, both jointly and individually.

11. **Advice Of Counsel.** PLAINTIFFS are represented by counsel and DEFENDANTS are represented by counsel. PLAINTIFFS have read the Agreement and are fully aware of its contents and of its legal effect, and that each party enters into this Agreement freely, without coercion, based on the PARTIES' own judgment and not in reliance upon any representations or promises made by the other party. The PARTIES, and each of them, expressly waives any and all claims, charges, complaints, actions and causes of action against any other party arising out of or in any way associated with the negotiation, preparation, or execution of this Agreement.

12. **Complete And Final Agreement.** The PARTIES agreed that this Agreement constitutes the entire agreement between the PARTIES and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the PARTIES hereto with the advice of counsel, who have explained the legal effect of this Agreement. The PARTIES further acknowledge that no warranties or representations or inducements not contained in this Agreement

SETTLEMENT AGREEMENT AND GENERAL RELEASE
FINK ET AL. V. CITY OF PLEASANT HILL, ET AL. – 4:21-cv-00664-JSW
5
DocID #14707v1

have been made on any subject in connection with this Agreement, and that they have not been induced to execute this Agreement by reason of nondisclosure or suppression of any fact. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the PARTIES or their authorized representatives.

13. **Assumption of Risk.** The PARTIES, and each of them, hereby expressly assume the risk of any mistake of fact or law, or both, or that the true facts or laws might be other or different from facts and laws now known or believed to exist. Each party to this Agreement acknowledges that it has made such investigation of the facts pertaining to this Agreement as each deems necessary, and in entering into this Agreement, each party assumes the risk of mistake with respect to such facts.

14. **Complete and Final Agreement.** This Agreement contains all of the agreement, conditions, promises and covenants between the PARTIES and supersedes all prior or contemporaneous agreements, representations or understandings with respect to the subject matter of the present agreement.

15. **Governing Law.** The terms, conditions and covenants of this Agreement shall be interpreted under the laws of the State of California.

16. **Waiver of California Civil Code Section 1542.** The PARTIES in this Agreement intend this Agreement to be a full and general release as to the subject matter described above, and they hereby mutually waive all claims or benefits that they now have, or in the future may have under the provisions of section 1542 of the California Civil Code, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**
**FINK ET AL. V. CITY OF PLEASANT HILL, ET AL. – 4:21-cv-00664-JSW**
6

The PARTIES to this Agreement, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and each fully understanding the same, nevertheless elect to waive the benefits of any and all rights any of them may have pursuant to the provisions of Civil Code Section 1542. The PARTIES to this Agreement understand that if the facts with respect to which this Agreement is executed are found hereinafter to be different from the facts now believed by any of them to be true, that this Agreement shall be effective notwithstanding such material difference.

17. **Neutral Interpretation.** PLAINTIFFS and DEFENDANTS, and their counsel, have cooperated in the preparation of this Agreement, and this Agreement therefore shall not be construed against any party.

18. **Warranty of Authority.** Each of the undersigned individuals represents and warrants to each of the other PARTIES and such other PARTIES' attorneys that (a) he/she or it has full right, power and authority to bind the party on behalf of which he/she or it is executing this Agreement in a representative capacity, to all of the terms of this Agreement, and that (b) no consent of any other person is required by any party to this Agreement as a condition to such party being bound by this Agreement (or that such consent has been obtained).

19. **Counterparts.** This Agreement may be signed in counterparts and shall be binding and effective immediately upon the execution by all PARTIES of one or more counterparts, including electronic and/or PDF type signatures.

20. **Enforceability.** The provisions of this Agreement are contractual in nature and not merely recitals, and shall be considered independent and severable, and if any such provision or any part thereof shall at any time be held invalid, in whole or in part, under any federal, state,

county, municipal or other law, ruling or regulation, then such provision or part thereof shall remain in force and effect to the extent permitted by law, the remaining provisions of this Agreement shall also remain in full force and effect, and enforceable.

I HAVE READ THE ENTIRE CONTENTS OF THIS AGREEMENT BEFORE SIGNING IT AND HAVE BEEN PROVIDED WITH A COPY FOR MY RECORDS.

DATED: 06.20.2024, 2024

*Jennifer L. Carver*
JENNIFER FINK-CARVER
Plaintiff

DATED: 6/25/24, 2024

JASON FINK
Plaintiff

DATED: _____, 2024

ETHAN BINDERNAGEL
City Manager, City of Pleasant Hill

APPROVED AS TO FORM:

Dated: June 25, 2024

THE LAW OFFICES OF SANJAY S. SCHMIDT

Sanjay S. Schmidt
Attorney for Plaintiffs

Dated: June 25, 2024

LAW OFFICE OF DONALD W. COOK

Donald W. Cook
Attorney for Plaintiffs

county, municipal or other law, ruling or regulation, then such provision or part thereof shall remain in force and effect to the extent permitted by law, the remaining provisions of this Agreement shall also remain in full force and effect, and enforceable.

I HAVE READ THE ENTIRE CONTENTS OF THIS AGREEMENT BEFORE SIGNING IT AND HAVE BEEN PROVIDED WITH A COPY FOR MY RECORDS.

DATED: _____, 2024         _____
                                   JENNIFER FINK-CARVER
                                   Plaintiff

DATED: _____, 2024         _____
                                   JASON FINK
                                   Plaintiff

DATED: *June 24*, 2024             *[signature]*
                                   _____
                                   ETHAN BINDERNAGEL
                                   City Manager, City of Pleasant Hill

APPROVED AS TO FORM:

Dated: June __, 2024               **THE LAW OFFICES OF SANJAY S.
                                   SCHMIDT**

                                   _____
                                   Sanjay S. Schmidt
                                   Attorney for Plaintiffs

Dated: June __, 2024               **THE LAW OFFICES OF DONALD W.
                                   COOK**

                                   _____
                                   Donald W. Cook
                                   Attorney for Plaintiffs

SETTLEMENT AGREEMENT AND GENERAL RELEASE
FINK ET AL. V. CITY OF PLEASANT HILL, ET AL. – 4:21-cv-00664-JSW

Dated: June 26, 2024

MCNAMARA, AMBACHER,
WHEELER, HIRSIG & GRAY LLP

_____
Noah G. Blechman, Esq.
Attorney for Defendants